UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN DOE,

               Plaintiff,

-against-

BROWN HARRIS STEVENS
RESIDENTIAL MANAGEMENT, LLC,
and TERRA HOLDINGS, LLC,

               Defendants.

25 Civ. 6194 (LAP)

MEMORANDUM & ORDER

LORETTA A. PRESKA, Senior United States District Judge:

Before the Court is Plaintiff John Doe's motion to proceed anonymously ("the Motion").[1]  Defendants Brown Harris Stevens Residential Management, LLC, ("BHS") and Terra Holdings, LLC ("TERRA"),[2] consent to the Motion.  For the reasons set forth below, the Motion is DENIED.

---

[1] (Pl. Ex Parte Mot. to Proceed Anonymously, dated July 28, 2025 [dkt. no. 4].)  Plaintiff originally mistakenly filed dkt. no. 4 ex parte but served the Motion upon Defendants' counsel on August 5, 2025.  (See Certificate of Service, dated Aug. 6, 2025 [dkt. no. 7].)  Defendants acknowledged receipt of the Motion.  (See Defs. Letter, dated Aug. 18, 2025 [dkt. no. 9].)

(See Order to File Mot. on Docket, dated July 30, 2025 [dkt. no. 5]; Pl. Mot. to Proceed Anonymously, dated Aug. 25, 2025 [dkt. no. 13]; Pl. Mem. in Support of Mot. ("Pl. Mem."), dated July 28, 2025 [dkt. no. 14].)

[2] (Stipulation & Agreement ("Stipulation"), dated Aug. 19, 2025 [dkt. no. 10].)  In the Stipulation the parties agreed to dismiss two defendants from the case, produce those two individuals for depositions, and Defendants consented to the instant Motion, for Plaintiff to proceed anonymously.  (Id.)

I.    **Background**

    **a. Factual Background**

On July 28, 2025, Plaintiff, proceeding anonymously, initiated this action, asserting the following causes of action against Defendants, his former employers, under the New York City Human Rights Law, New York City Administrative Code § 8-502(a), et. seq. ("NYCHRL") and New York Labor Law § 194: sexual harassment, unequal pay, retaliation, and aiding and abetting. (See Compl., dated July 28, 2025 [dkt. no. 1], ¶¶ 1, 27-34, 35-43, 45-51, 57, 60-65, 66-71.)

Plaintiff began working for Defendants in April 2022. (Id. ¶ 17.) Defendants BHS and TERRA operated as joint or integrated employers of Plaintiff. (See id. ¶ 11.) In August 2022, the then-President of BHS ("BHS President") invited Plaintiff to a professional dinner. (Id. ¶ 21(b)(i).) At the dinner, BHS President placed his hand on Plaintiff's hand and leg. (Id. ¶ 21(c).) BHS President asked Plaintiff to help him up to his apartment due to an unrelated injury. (Id.) When Plaintiff and BHS President were in BHS President's apartment, BHS President offered Plaintiff champagne and marijuana, sat on Plaintiff's lap, and forcibly kissed Plaintiff. (Id. ¶ 21(c)-(d).) Additionally, BHS President told Plaintiff about prior sexual encounters. (Id. ¶ 21(d).) After the incident, BHS President directed Plaintiff to

send him an email saying he had a "nice dinner."  (Id. ¶ 21(e).) Plaintiff complied, fearing retaliation.  (Id.)

At the workplace, Plaintiff complained that one of his subordinates, a straight male, failed to meet his work obligations. (Id. ¶ 21(j).)  Plaintiff requested numerous times that this subordinate be placed on a performance improvement plan ("PIP"). (Id. ¶ 21(k).)  Eventually, the subordinate was placed on a PIP; however, one month later, the subordinate made a complaint against Plaintiff, alleging age discrimination.  (See id. ¶ 21(k)-(l).) Plaintiff complained to Human Resources that his subordinate made the claim in retaliation for the PIP.  (Id. ¶ 21(l).)  The subordinate's complaint was investigated; however, Plaintiff's complaint was not.  (See id.)

Additionally, Plaintiff noticed pay disparities between himself, a gay man, and two other subordinate employees, straight men, in 2023 and 2025.  (See id. ¶ 21(m), (r).)  Plaintiff complained to his superior, but nothing changed.  (See id. ¶ 21(m).)

In May 2025, Plaintiff submitted his resignation, with several weeks of notice.  (Id. ¶ 21(t).)  Approximately one week later, Defendants terminated Plaintiff's employment and refused to provide a reason for termination.  (Id. ¶ 21(u).)

### b. Procedural History

On July 28, 2025, Plaintiff moved to appear anonymously. (Pl. Ex Parte Mot. to Proceed Anonymously).  On August 19, 2025, Defendants consented to Plaintiff's motion to proceed anonymously. (See Stipulation at 1.)

## II.  **Applicable Law**

Federal Rule of Civil Procedure ("FRCP") 10(a) requires "[t]he title of the complaint [to] name all the parties." United States v. Pilcher, 950 F.3d 39, 42 (2d Cir. 2020) (alteration in original) (quoting Fed. R. Civ. P. 10(a)).  "This requirement, though seemingly pedestrian, serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly."  Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 188–89 (2d Cir. 2008).

In narrow circumstances, when a party's need for anonymity outweighs "the public interest in disclosure and any prejudice," a district court may grant an exception to this requirement.  Id. at 189; see also Pilcher, 950 F.3d at 45 (2d Cir. 2020).  To determine whether the plaintiff's interest in anonymity outweighs "countervailing interests in full disclosure," courts conduct a factor-driven balancing test.  Sealed Plaintiff, 537 F.3d at 189.

The Court of Appeals established a non-exhaustive list of ten factors that district courts should consider when ruling on a motion to proceed anonymously:

(1) whether the litigation involves matters that are highly sensitive and [of a] personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

Id. at 190 (citations and internal quotation marks omitted); Doe v. Combs, No. 25 Civ. 1652 (LAP), 2025 WL 1993598, at *1–2 (S.D.N.Y. July 17, 2025) (quoting Sealed Plaintiff, 537 F.3d at 190). However, "the district court need not 'list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion.'" Doe v. Combs, No. 24 Civ. 7776 (NRB), 2025 WL 1079038, at *1 (S.D.N.Y. Apr. 9, 2025) (quoting Sealed Plaintiff, 537 F.3d at 191 n.4).

The Court must evaluate the relevant factors even when the motion is unopposed.  <u>Doe v. Fashion Institute of Technology</u>, No. 25 Civ. 950 (JPC), 2025 WL 1000927 at *2 (S.D.N.Y. Apr. 3, 2025). Even when the motion is unopposed, the Court is obligated "to ensure that the public's First Amendment right of access is properly balanced against the special circumstances . . ." raised by a defendant's anonymity.  <u>Matthews v. New York State Dep't of Corr. & Cmty. Supervision</u>, No. 17 Civ. 0503 (TJM/DEP), 2018 WL 11697266, at *6 (N.D.N.Y. Oct. 19, 2018); <u>see also</u> <u>S.D. v. Decker</u>, No. 22 Civ. 3063 (VSB) (BCM), 2022 WL 1239589, at *1 (S.D.N.Y. Apr. 27, 2022) ("Concealing a party's full name violates the public's right to access judicial proceedings."); <u>Pilcher</u>, 950 F.3d at 42 ("Identifying parties in a proceeding is an important dimension of publicness, as people have a right to know who is using their courts." (internal quotation marks omitted)).

## III. <u>Discussion</u>

After considering all of the factors, the balance weighs against allowing Plaintiff to proceed anonymously.  Accordingly, Plaintiff's Motion is DENIED.

### a. Factors One and Seven:  Plaintiff's Privacy Interest

Factors one and seven, which both concern Plaintiff's privacy interests, weigh slightly in favor of allowing anonymity.

The first factor considers "whether the litigation involves matters that are highly sensitive and [of a] personal nature."

<u>Sealed Plaintiff</u>, 537 F.3d at 190 (internal quotation marks omitted).  "Allegations of sexual assault are paradigmatic example[s] of highly sensitive and personal claims and thus favor a plaintiff's use of a pseudonym." <u>Rapp v. Fowler</u>, 537 F. Supp. 3d 521, 528 (S.D.N.Y. 2021) (internal quotation marks omitted).

Plaintiff alleges that his supervisor, a dismissed defendant, sexually assaulted him by sitting on Plaintiff's lap, forcibly kissing Plaintiff, and telling Plaintiff about prior sexual encounters, which qualifies as "highly sensitive and of a personal nature" and thus, weighs in favor of Plaintiff's anonymity.  (Pl. Mem. at 3-4; Compl. ¶¶ 12, 17, 21(d).)  <u>See also</u> <u>Skyline Automobiles Inc.</u>, 375 F. Supp. 3d 401, 405 (S.D.N.Y. 2019) (quoting <u>Sealed Plaintiff</u>, 537 F.3d at 190) (holding that an allegation of sexual assault was highly sensitive and of a personal nature under <u>Sealed Plaintiff</u>).  However, Plaintiff also alleges other claims that do not include facts that are "highly sensitive" or "of a personal nature."

The seventh factor is "whether the plaintiff's identity has thus far been kept confidential." <u>Sealed Plaintiff</u>, 537 F.3d at 190.  Courts typically reject a motion to proceed under a pseudonym if confidentiality has not been maintained.  <u>See, e.g.</u>, <u>Skyline Automobiles Inc.</u>, 375 F. Supp. 3d at 407; <u>Rapp</u>, 537 F. Supp. 3d at 529.  Plaintiff "has neither spoken to the media nor posted on social media regarding the events that underly [sic] the causes of

action," so the record suggests his identity has been confidential. (Pl. Mem. at 7.)    Accordingly, this factor weighs in favor of granting Plaintiff's Motion.

### b. Factors Two and Three:  Plaintiff's Harm

The second and third factors involve the potential harm of identification and weigh against Plaintiff.

The second factor is "whether identification poses a risk of retaliatory physical or mental harm to the [plaintiff] or even more critically to innocent non-parties." Sealed Plaintiff, 537 F.3d at 190 (internal quotation marks omitted).  The third factor is "whether identification presents other harms and the likely severity of those harms." Id.  Courts require parties to provide "direct evidence linking disclosure of [plaintiff's] name to a specific injury." Doe v. Combs, No. 24 Civ. 8054 (MKV), 2024 WL 4635309, at *3 (S.D.N.Y. Oct. 30, 2024) (internal quotation marks omitted) (quoting Doe v. Gong Xi Fa Cai, Inc., No. 19 Civ. 2678 (RA), 2019 WL 3034793 at *2 (S.D.N.Y. Jul. 10, 2019)).  "Conclusory statements and speculation about mental harm to Plaintiff are insufficient." Id. (quoting Skyline Automobiles Inc., 375 F. Supp. 3d at 406 (internal quotation marks omitted)).

Plaintiff states that he "suffered mental health damage because of the unwanted and unsolicited sexual advances" and would "experience significant mental harm if he is compelled to disclose his identity to the public." (Pl. Mem. at 4.)  Plaintiff alleges

that his identification would "trigger more trauma and mental anguish," however, he only offers conclusory statements in support. (Id.)  Plaintiff does not provide any evidence from a mental health professional to support these claims.  See Doe v. Eqip eDiscovery Solutions, Inc., No. 24 Civ. 9880 (MKV), 2025 WL 2613826 at *3 (Sep. 10, 2025) (finding that Plaintiff's allegations are insufficient to support a motion to proceed under a pseudonym because, for one, the plaintiff did not allege severe harm or include any evidence from a mental health professional).  In fact, Plaintiff only cites to cases in support of his argument where the parties provided specific evidence of potential psychological and emotional pain and support from a doctor that such publicity would cause the pain.  (See Pl. Mem. at 4.)  See, e.g., Doe v. Smith, 105 F. Supp. 2d 40, 43-44 (E.D.N.Y. 1999) ("The plaintiff has now substituted specific evidence predicting that revelation of her identity will likely cause psychological and emotional pain so intense that it would threaten her stability, her safety, and even her life. . . . Now that the record includes such evidence, the court deems the plaintiff's submission sufficient to present the exceptional case in which a plaintiff may proceed under a fictitious name.") (internal quotation marks omitted)).

In support of the third factor, Plaintiff speculates that if his current employer (an unrelated real estate company) knew about the lawsuit, Plaintiff "would suffer retaliatory conduct in his

current workplace," leading to "reputational harm."  (Pl. Mem. at 4-5.)  Plaintiff alleges that his current employer may retaliate against him.  (See id. at 5.)

Although negative employment consequences can justify anonymity, see Does 1-2 v. Hochul, No. 21 Civ. 5067 (AMD) (TAM), 2022 WL 836990, at *7 (E.D.N.Y. Mar. 18, 2022) (finding that if plaintiffs who protest the COVID-19 vaccine names are revealed, there may be adverse implications for future employment in the healthcare industry),[3] courts consistently reject requests based on reputational harm or economic interests.  See, e.g., Abdel-Razeq v. Alvarez & Marsal, Inc., No. 14 Civ. 5601 (HBP), 2015 WL 7017431, at *4 (S.D.N.Y. Nov. 12, 2015).

Plaintiff merely suggests that his current employer, another real estate firm, might retaliate against him because he is suing real estate and real estate services companies, thus leading to reputational harm.  (Pl. Mem. at 5.)  Because this alleged risk of retaliation is not corroborated, Plaintiff does not "satisfy his burden of demonstrating that he personally faces a non-speculative risk of harm."  Doe v. Intel Corp., 786 F. Supp. 3d 576, 582-83

---

[3] Plaintiff cites to Doe v. FedCap Rehabilitation Services, Inc., No. 17 Civ. 8820 (JPO), 2018 WL 2021588, at *2 (S.D.N.Y. Apr. 27, 2018), and Doe v. Columbia Univ., 831 F.3d 46, 59 n.24 (2d Cir. 2016), to claim that professional harm, like negative employment consequences, can justify anonymity.  (Pl. Mem. at 5.)  Although negative employment consequences may constitute this harm, FedCap and Columbia Univ. do not support that claim.

(S.D.N.Y. 2024), <u>appeal dismissed</u>, No. 24-3330, 2025 WL 919026 (2d Cir. Feb. 24, 2025) (finding that the plaintiff's allegations of harm were speculative because Plaintiff did not show that the risks he faced were greater than those faced by members of other protected groups). Furthermore, even if true, reputational harm alone is not enough to justify anonymity.

Therefore, since Plaintiff does not offer direct evidence of harm and only speculates about potential retaliation, he does not satisfy his burden; the second and third factors weigh against anonymity.

### c. Factor Four:  Plaintiff's Vulnerability

The fourth factor, "whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age," weighs against allowing anonymity. <u>Sealed Plaintiff</u>, 537 F.3d at 190. Plaintiff does not claim that he is particularly vulnerable, and he has not "identified any reasons for the Court to treat [him] as more vulnerable than the great run of adult plaintiffs who bring allegations of sexual assault in their own names." <u>Combs</u>, 2024 WL 4635309, at *4. Therefore, the fourth factor weighs against anonymity.

### d. Factors Five, Eight, and Nine:  The Public Interest

Factors five, eight, and nine concern the public interest. Factor five, "whether the suit is challenging the actions of the government or that of private parties," weighs against allowing

Plaintiff to proceed under a pseudonym.  Sealed Plaintiff, 537 F.3d at 190.  This action is brought against private parties, and "[c]ourts recognize there is a significant interest in open judicial proceedings since such suits do not only advance the parties' private interests, but also further the public's interest in enforcing legal and social norms." Rapp, 537 F. Supp. 3d at 532 (internal quotation marks omitted).  Therefore, factor five weighs against allowing Plaintiff to proceed under a pseudonym.

Factor eight, "whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity," weighs slightly against Plaintiff.  Sealed Plaintiff, 537 F.3d at 190.  While "the public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes," Doe No. 2 v. Kolko, 242 F.R.D. 193, 195 (E.D.N.Y. 2006), the public also has "a right of access to the courts." Doe v. Shakur, 164 F.R.D. 359, 361 (S.D.N.Y. 1996).  This right of access includes the legitimate interest in knowing the identities of all parties. Id.  Additionally, the public has an interest "in the accused being able to publicly confront an accuser, a right that would be undermined by Plaintiff's anonymity." Doe v. Combs, No. 23 Civ. 10628 (JGLC), 2024 WL 863705, at *5 (S.D.N.Y. Feb. 29, 2024).  This interest is magnified when a plaintiff accuses a public figure. See Rapp, 537 F. Supp. 3d at 532.

Plaintiff argues that allowing him to proceed anonymously serves the public interest because protecting the identities of sexual assault victims ensures other sexual assault victims will not be deterred from reporting such crimes. (Pl. Mem. at 8.) However, as noted above, Plaintiff brings additional claims besides sexual assault. And, the public still has an interest in knowing the identities of the parties. Moreover, although Defendants are not public figures, Defendants are still "well connected" real estate companies and one of the United States' "largest privately-held real estate services companies." (See Pl. Mem. at 5 (internal quotation marks omitted).) Thus, there is a strong public interest in knowing the identity of the accuser. Accordingly, in balancing these competing interests, the Court finds that the public's interest in Plaintiff's identity weighs in favor of anonymity.

Factor nine, "whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities," weighs against anonymity. Sealed Plaintiff, 537 F.3d at 190 (internal quotation marks omitted). Plaintiff does not claim that there is an atypically weak public interest. Furthermore, because this is a case about particular incidents, rather than purely legal matters, "open proceedings . . . benefit the public as well as the parties and also serve the judicial interest in accurate fact-

finding and fair adjudication." Doe v. Weinstein, 484 F. Supp. 3d 90, 97-98 (S.D.N.Y. 2020)(quoting N. Jersey Media Grp. Inc. v. Doe Nos. 1-5, No. 12 Civ. 6152, 2012 WL 5899331, at *8 (S.D.N.Y. Nov. 26, 2012)). Thus, factor nine weighs against granting Plaintiff's motion.

Accordingly, in totality, these factors counsel against anonymity.

### e. Factor Six:  Defendants' Prejudice

Factor six, "whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court," weighs in favor of allowing Plaintiff to proceed anonymously.  Sealed Plaintiff, 537 F.3d at 190.

In considering whether Defendants would be prejudiced by Plaintiff's proceeding under a pseudonym, the Court weighs "difficulties in conducting discovery," the "reputational damage to defendants," and the "fundamental fairness of proceeding anonymously." Rapp, 537 F. Supp. 3d at 531 (quoting Doe v. Townes, 19 Civ. 8034 (ALC)(OTW), 2020 WL 2395159, at *5 (May 12, 2020)). "[F]undamental fairness suggests that defendants are prejudiced when 'required to defend [themselves] publicly before a jury while plaintiff[s] . . . make . . . accusations from behind a cloak of anonymity.'" Rapp, 537 F. Supp. 3d at 531-32 (S.D.N.Y. 2021)

(quoting <u>Doe v. Delta Airlines, Inc.</u>, 310 F.R.D. 222, 225 (S.D.N.Y. 2015), <u>aff'd</u>, 672 F. App'x 48 (2d Cir. 2016)).

Here, Defendants are not prejudiced. Defendants know Plaintiff's identity because there were only two openly gay employees, and one of the openly gay employees was an original defendant. (<u>See</u> Pl. Mem. at 6.) Moreover, Plaintiff is willing to stipulate to a protective order to allow Defendants to learn his identity. (<u>Id.</u>) <u>See also</u> <u>Abdel-Razeq</u>, 2015 WL 7017431, at *6 (finding that Defendant is not prejudiced because he knew Plaintiff's identity from the beginning and he consented to the motion). Additionally, there are no discovery difficulties, because "Defendants will have access to Plaintiff's discoverable information and will still have the right to depose or confer with any and all witnesses, conduct full discovery in accordance with the Federal Rules of Civil Procedure, and obtain any and all documents." (Pl. Mem. at 6.) Finally, Defendants do not object to the Motion and offer no evidence that Plaintiff's use of a pseudonym would prejudice Defendants. (Stipulation at 1.) Accordingly, factor seven weighs in favor of granting anonymity.

### f. Factor Ten:  Alternative Protections

Factor ten considers "whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff." <u>Sealed Plaintiff</u>, 537 F.3d at 190.  If there are adequate alternative procedures for maintaining privacy, factor ten does

not support anonymity. <u>Doe v. United States</u>, No. 16 Civ. 7256 (JGK), 2017 WL 2389701, at *2 (S.D.N.Y. Jun. 1, 2017). Here, Plaintiff can still seek "less drastic remedies than blanket anonymity, such as 'protective documents, redactions, confidentiality agreements or sealing documents.'" <u>Doe v. Fashion Inst. of Tech.</u>, No. 25 Civ. 950 (JPC), 2025 WL 1000927, at *5 (S.D.N.Y. Apr. 3, 2025). Accordingly, factor ten weighs against anonymity.

## IV.  **Balance of Interests Weighs Against Anonymity**

Overall, the interests at stake in this case weigh against allowing Plaintiff to proceed anonymously. Plaintiff has an interest in remaining anonymous, given the sensitive nature of some of his allegations, and Defendants are not prejudiced by allowing Plaintiff to proceed anonymously. "However, . . . factor [one] is not dispositive because 'allegations of sexual assault, by themselves, are not sufficient to entitle a plaintiff to proceed under a pseudonym.'" <u>Combs</u>, 2025 WL 1993598, at *2 (quoting <u>Skyline Automobiles Inc.</u>, 375 F. Supp. 3d at 405-06). And, Plaintiff alleges additional claims besides sexual assault. Furthermore, Plaintiff has not alleged with specificity that he is particularly vulnerable or that there is a risk of harm to Plaintiff or third parties or explained why alternative mechanisms are insufficient. Moreover, the public has a right to know who is

using the court system and to what end.   Thus, Plaintiff has not satisfied the <u>Sealed Plaintiff</u> factors.

**V.**   **<u>Conclusion</u>**

Accordingly, for the foregoing reasons, Plaintiff's Motion to proceed under a pseudonym is DENIED.   Plaintiff shall proceed under his true name if he intends to pursue this case.   Plaintiff shall file an Amended Complaint with his true name by November 30, 2025. If an Amended Complaint is not filed by that date, or if that deadline is not extended, the Court will dismiss the Complaint without prejudice and the Clerk of the Court will close the case.

The Clerk of Court is respectfully directed to close dkt. nos. 4 and 13.

**SO ORDERED.**

Dated:      November 10, 2025
            New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge